

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Overruled by Kerby v.
Collin County, 212 S.W. (2d)
494, Dallas Civ. App. (1948)

Apr. 2, 1947

Hon. R. E. Beasley
County Auditor
Collin County
McKinney, Texas

Opinion No. V-115

Re: Whether an order of the Com-
missioners' Court appointing
a County Treasurer to fill the
unexpired term of her prede-
cessor in office constitutes a
written contract.

Dear Sir:

Your statement and request for an opinion are in part as
follows:

"On February 8, 1947, the claim of Alta Browne
Kerby (Exhibit "A") for salary ($2,033.20) and inte-
rest ($319.60) was filed with the Commissioners'
Court of Collin County, Texas.

"THE FACTS ARE AS FOLLOWS:

"On the first day of May, 1943, the Commission-
ers' Court in regular session accepted the resigna-
tion of the then acting County Treasurer. On the
same date and in the same motion, the Court ap-
proved the bond and oath of office of Alta Browne
Kerby as county treasurer and appointed her to fill
the unexpired term for that office (Exhibit "B"). At
the time this action was taken, there was a special
county treasurer salary law for Collin County on the
Statute Books which provided for $600.00 per year
and at the time Alta Browne Kerby was appointed,
she knew that that was the salary that was being paid
for that office.

"We are well acquainted with the fact that many
special statutes like this one have been declared to
be unconstitutional and the Courts have held that this
County Treasurer was entitled to a monthly salary
based on an annual salary of $2000.00 per year . . .

"Is this claim barred by the two year statute of
limitations?"

Article 1703 of V.C.S. reads:

"A County Treasurer shall be elected at each
regular general election for a term of two years."

Article 1707 of V.C.S. provides:

"In case of vacancy in the office of the County
Treasurer, the Commissioners' Court of the coun-
ty in which such vacancy occurs shall fill such va-
cancy by appointment, such appointment to be made
by a majority vote of the Commissioners present,
at a regular or special term of such court. Such
appointment shall continue in force until the next
general election."

Article 1708 of V.C.S. reads:

"The person appointed to fill the vacancy as
provided in the preceding Article shall, before en-
tering upon the discharge of the duties of such of-
fice and within twenty days after he has been noti-
fied of such appointment, take the oath and give the
bonds required, as in the case of an election to such
office." (Emphasis ours).

The authorities are uniform in holding that one appointed
to an elective office holds an irrevocable position insofar as the ap-
pointing authorities are concerned. 89 A.L.R. 132; Collins v. Tracy,
36 Tex. 546.

Since under Article 1708, supra, the appointee to fill a va-
cancy shall perform all of the acts required of a duly elected County
Treasurer, coupled with the further fact that his appointment from
the point of view of the appointing authority is irrevocable, it natur-
ally follows he assumes the full responsibility of the office just as
though he had been elected to it.

Article 3030, V.C.S., provides:

"On the Monday next following the day of elec-
tion, but not before, the Commissioners' Court shall
open the election returns and estimate the result, re-
cording the state of the polls at each precinct in a
book to be kept for that purpose; . . ."

Article 3032, V.C.S., reads:

"After an estimate of the result of an election
has been made as provided for in this title, the

County Judge shall deliver to the candidate or candi-
dates for whom the greatest number of votes have been
polled for county and precinct officers a certificate of
election, naming therein the office to which such candi-
date has been elected, the number of votes polled for
him, and the day on which such election was held and
shall sign the same and cause the seal of the county
court to be thereon impressed. . . "

In the case of an elected official under Article 3030, supra,
the Commissioners' Court estimates the result and records the state
of the polls in each precinct in a book to be kept for that purpose, and
under Article 3032, the County Judge delivers to the candidate who
has polled the greatest number of votes for county and precinct offices,
a certificate of election. In our opinion, this constitutes as much of a
written instrument as the minutes of the Commissioners' Court appoint-
ing a person to fill a vacancy. This may be construed as analogous to
the minutes of the Commissioners' Court in appointing a person to fill
a vacancy in office, and clearly does not constitute an instrument in
writing that would have the effect of a written contract.

Article 5526, V.C.S., reads:

"There shall be commenced and prosecuted with-
in two years after the cause of action shall have ac-
crued and not afterwards all actions or suits in court
of the following description:

". . .

"4. Actions for debt where the indebtedness is not
evidenced by a contract in writing."

Article 5527, V.C.S., provides:

"There shall be commenced and prosecuted with-
in four years after the cause of action shall have ac-
crued and not afterwards all actions or suits in court
of the following description:

"1. Actions for debt where the indebtedness is evi-
denced by or founded upon any contract in writing . . ."

Texas Jurisprudence, Volume 28, page 116, section 36, pro-
vides in part as follows:

". . . An order of a Commissioners' Court is
not a written agreement if it contains no provisions
as to many essential features of the contract. Nor
does a general law in a city fixing the salary at-
tached to an office and regulating the fee to which

an officer is entitled constitute a contract between
the city and an officer who performs services pur-
suant to the ordinance . . ."

The case of Smith v. Wise County, 187 S. W. 705, held
that a County Treasurer can, at the expiration of his term of office,
recover commissioners accruing and due only for a period of two
years before institution of suit.

In the case of City of Houston v. Stewart, 90 S. W. 49, the
Court said:

"While upon this subject, we will dispose of
the contention of defendant that the commissione
claimed having been earned under an ordinance or
resolution of the city fixing the salary and fees of
the city attorney, the suit for said commissions
was founded upon a written contract and would not
be barred until four years after the cause of action
accrued. This ordinance cannot be regarded as a
contract between the city and the city attorney un-
der which the services for which the defendant
claims compensation was rendered, but it was a
general law of the city fixing the salary to be at-
tached to the office of city attorney and regulating
the fees to which such officer should be entitled.
We think it clear that the fact that commissions
claimed by an officer were earned under a general
law fixing the compensation for the services ren-
dered does not make the suit for such commissions
one upon a written contract, and the trial court
correctly held that the two year statute of limita-
tions applied to defendant's claim for said commis-
sions."

In the case of Stegall, Sheriff v. McLennan County, 144 S.
W. (2d) 1111, the court held in an action involving a mutual mistake
as to fees between a sheriff and the county that limitation begins to
run on the sheriff's claim against the county in favor of the county
from the time the claim matured regardless of whether it was pre-
sented to and rejected by the Commissioners' Court, and that such
a claim would be governed by the two year statute of limitation.

The case of Leslie v. City of Dallas, 172 S. W. (2d) 777,
held that the two year limitation statute was applicable in an action
against a city to recover payments made under an unconstitutional
ordinance for services of a special police officer, and hence, where
action was filed more than two years after the last of such payments
was made, the action was barred.

The court in the case of Wilson v. Shaw, 188 N.W. 940, 166 A.L.R. 842, said:

"Those appointed to fill vacancies shall hold until the next general election and until their successors are elected and qualified. . . . Therefore, whoever is appointed or elected is appointed or elected for an unexpired portion of a prescribed term. The term prescribed is a unit of time. A new term is not created. The appointee simply steps into the shoes, so to speak, of him who is elected for the constitutional term . . . and is entitled to perform the duties and receive the emoluments of the office until the end of that term or until a successor shall have been elected. . . The term lives on even though the incumbent resigns, is impeached or dies. Personality has nothing to do with the question." (Emphasis ours.)

In our opinion, an order of the Commissioners' Court appointing a treasurer to fill the unexpired term of County Treasurer is not a contract in writing within the meaning of Article 5526, V.C.S., but is only evidence of authority to hold such position by the appointee stepping into the shoes of the elected official. Since the order is not a contract in writing, it therefore follows that the two year statute of limitation is applicable, and your question is answered in the affirmative.

## SUMMARY

An appointment by a Commissioners' Court of a County Treasurer to fill an unexpired term which is entered of record on the minutes of said court does not constitute a contract in writing, and the two year statute of limitations is applicable to a claim for certain salary items. (Article 5526, V.C.S.)

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By ~Robert A. Hall~
Robert A. Hall
Assistant

APPROVED
APR 2, 1947

~Price Daniel~
ATTORNEY GENERAL
OF TEXAS

RAH:JMc